**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YOSEF KHATIB, | No. 15-73952 |
| Petitioner, | Agency No. A098-442-381 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**
San Francisco, California

Before: McKEOWN and WARDLAW, Circuit Judges, and KATZMANN,***
International Trade Judge.

Yosef Khatib, a native and citizen of Israel, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying withholding of removal. Khatib

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary S. Katzmann, United States International Trade Judge for the U.S. Court of International Trade, sitting by designation.

does not challenge the Immigration Judge's ("IJ") denial of his asylum and Convention Against Torture applications. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Khatib asserts a violation of his due process rights, and seeks review of the BIA's finding about his risk of persecution upon return to Israel. We review de novo Khatib's constitutional claim. *Khan v. Holder*, 584 F.3d 773, 776 (9th Cir. 2009). Factual findings made by the IJ and the BIA, however, are reviewed for substantial evidence. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009).

The IJ did not violate Khatib's due process rights when she denied Khatib's request to re-examine his expert witness. We reverse such IJ decisions on due process grounds only when "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (internal quotations and citations omitted). Neither condition is met here.

Khatib received a fair opportunity to present his case to the IJ. Not only did Khatib present written statements and oral testimony on his own behalf, the IJ admitted Khatib's expert witness's written analysis and allowed the expert to testify and be cross-examined. Khatib did not wish for his expert to present new

2

evidence or testimony, but simply wanted to reiterate his view that although women are more likely to be the victim of honor killings, Khatib was absolutely likely to be subject to an honor killing as well. The IJ responded that she accepted "[the expert's] testimony as he indicated last time" and that she was "not challenging that in any way." Thus, there was no "misunderstanding" or "mischaracterization," and the IJ afforded Khatib a fair opportunity to present his case. *See Almaghzar v. Gonzales*, 457 F.3d 915, 921 (9th Cir. 2006).

Nor has Khatib demonstrated prejudice. The record does not suggest that the IJ's determination would have differed had the expert testified again, and there is no evidence that the expert would have testified differently. Indeed, Khatib's counsel stated that he only wished to re-examine the expert in order to "reemphasize" a few points and to "improve the Court's understanding." Without any suggestion that the expert would have presented additional relevant evidence, Khatib failed to show that he was prejudiced by the IJ's denial of his motion for additional expert testimony.

Substantial evidence supports the BIA's conclusion that Khatib did not qualify for withholding of removal. To qualify for withholding of removal, an applicant must show a "clear probability" of persecution on account of a statutorily enumerated ground, such as religion. *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014). The "clear probability" standard is a high one, and requires that an

3

alien establish it is "more likely than not" he will be subject to persecution upon deportation. *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430 (1987).

The BIA identified substantial evidence to support its decision that Khatib had not met that high standard. The BIA properly considered Khatib's willingness to return to Israel in 2001 after he had already been cohabiting with his non-Druze partner. *Loho v. Mukasey*, 531 F.3d 1016, 1017–18 (9th Cir. 2008) ("[A]n alien's history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution."). The BIA highlighted the IJ's finding that Khatib was not the victim of persecution during this 2001 return to Israel because he did not suffer any serious injuries. *Gu v. Gonzales*, 454 F.3d 1014, 1020 (9th Cir. 2006) (stating that a single instance of detention and beating, which results in non-serious injuries, does not constitute persecution). The BIA also pointed out the low incidence of honor killings in Israel; that a majority of those honor killings are perpetrated against women; and that Khatib's own expert stated that "men can get away with" marrying non-Druze spouses.

**PETITION DENIED.**